UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RICK DALE MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-00352-VEH-TMP ) |
| STEVEN E. HADDOCK, Judge, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed a report on April 13, 2018, recommending this action be dismissed with prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 8). The plaintiff was notified of his right to file objections within fourteen (14) days of the report and recommendation (*id.*), and on April 20, 2018, the court received the plaintiff's objections (doc. 9).

In his amended complaint, the plaintiff asserts the sole defendant, a state court judge, wrongly denied the plaintiff's sixth petition for habeas relief under Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 7). The plaintiff objects to the magistrate judge's citation to Rule 32.1, Ala.R.Crim.P., because his application to file a successive habeas petition has been denied. (Doc. 9 at 1). He asserts that the court knows 28 U.S.C. § 2244(d) bars his action and that the state court judge violated judicial cannons of ethics by accusing the plaintiff of altering documents. (*Id.*, at 1-2).

The plaintiff also objects to the magistrate judge's finding that diversity jurisdiction is lacking; he objects because he filed his claim under penalty of perjury; and he objects because the court ordered the plaintiff not to cite any case law. (Doc. 9 at 2-3).

Defendant Judge Steven Haddock is a Morgan County Circuit Judge. Judges are entitled to judicial immunity for actions taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Judicial immunity is an absolute immunity, and it applies even when a judge's acts are in error, malicious, or in excess of jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Moreover, under the *Rooker-Feldman* doctrine, this court cannot review final judgments of a state court.[1] *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009). The plaintiff's attempt to have this court review the findings of Judge Haddock is "a prohibited appeal of a state court judgment." *Datz v, Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995). The plaintiff's statement that this court "has jurisdiction to settle this dispute" (doc. 9 at 2) does not nullify the law which is binding on this court. Nor does labeling this action as a due process claim change this prohibition. The plaintiff brings

---

[1] The Eleventh Circuit has explained the *Rooker-Feldma*n doctrine recognizes that, "among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." *Helton v. Ramsay*, 566 Fed.App'x. 876, 877 (11th Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

this action as an attempt to obtain federal review of the state court's denial of habeas relief. Unhappy habeas petitioners trying to couch challenges under § 1983 are the type of case to which *Rooker-Feldman* applies. *See Carey v. Free*, 272 Fed.App'x 875, 876 (11th Cir. 2008); *Moore v. Texas Court of Criminal Appeals*, 561 Fed.Appx. 427, 430 (5th Cir. 2014) (a § 1983 plaintiff cannot avoid the *Rooker-Feldman* doctrine by characterizing a collateral attack on a state court judgment as a "civil rights complaint"). Regardless of the plaintiff's labeling of his claims, § 1983 does not provide this court with the authority to review state court decisions.

Similarly, the plaintiff's objection to 28 U.S.C. § 1332—requiring diversity among the parties before the court may consider a state law claim—is without merit. The parties here are not diverse. The plaintiff is an inmate in the Alabama prison system and the defendant is a Alabama judge for the Circuit Court of Morgan County. The lack of diversity between the plaintiff and defendant is fatal to this court exercising diversity jurisdiction based on 28 U.S.C. § 1332. *See e.g., Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship") (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the

3

plaintiff's objections are **OVERRULED.** The magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed with prejudice for failing to state a claim upon which relief can be granted.[2]

A Final Judgment will be entered.

**DONE** this 9th day of May, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] As recognized by the magistrate judge in the Report and Recommendation (doc. 8 at 10 n.5), dismissal with prejudice is appropriate in this instance because, no matter any additional facts pleaded, the plaintiff will never be able to state a viable claim pursuant to 42 U.S.C. § 1983 against a state court judge based on the state court judge's ruling on the plaintiff's sixth Rule 32 petition.